UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00455-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. GEORGE JOHN SCHULTE, aka JOHN SCHULTE,
2. OBINNA ADIGHIJE, aka LARRY ADIGHIJE,
3. TRUNG PHAM, and
4. HERNAN RICAURTE,

     Defendant.

## PROTECTIVE ORDER

It appearing that certain documents from the files of the U.S. Food and Drug Administration (FDA) that contain confidential commercial information and trade secrets (hereafter, collectively referred to as "proprietary information") may be responsive to one or more discovery requests in this case; that disclosure of such proprietary information without an order of this Court may violate applicable provisions of law relating to confidentiality and privilege, including, but not limited to, 21 U.S.C. § 331(j) and 18 U.S.C. § 1905; that this proprietary information is entitled to protection to the extent consistent with the rights of Spectranetics, Inc., Bavaria Medizin Technologie, GmbH ("BMT"), and Future Medical Design, Co., Ltd. ("FMD"), which are not defendants in this criminal matter; and that this order appropriately accommodates these interests;

IT IS HEREBY ORDERED that:

(1) The Government's Motion for a Protective Order [ECF No. 87], filed February 22, 2011, is **GRANTED.**

(2) All materials within the custody of FDA that have been and will be provided to defendants by the government that are designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be handled in accordance with the terms of this Order. These materials are hereafter referred to as the "FDA Material."

(3) Pursuant to this Court's order, the government will provide to defendants un-redacted versions of any responsive FDA Material.

(4) Right to access to the FDA Material is subject to this Order and is limited to: (a) attorneys representing defendants in this action; (b) medical and scientific experts who are not employees of any medical device manufacturer, whose review of the FDA Material is essential to the presentation of defendants' case; (c) such private investigators, law clerks, paralegals, and secretaries employed by defendants' attorneys whose review of the FDA Material is essential to the preparation and presentation of defendants' case; (d) the defendants; (e) attorneys and representatives of the U.S. Government involved in the above-captioned case; and (f) witnesses and potential witnesses; and (g) the Court.

(5) Prior to review of the FDA Material, each law firm of record and each person who is not a government employee, or employee or counsel of a law firm of record, shall sign and date a copy of the following statement:

> I acknowledge access to confidential commercial information and

trade secrets that are part of the FDA Material, which is being received pursuant to a Protective Order in the criminal action entitled *United States v. George John Schulte, et al.*, No. 10-cr-00455-WYD.  I certify my understanding that I will be in violation of that Protective Order and will be subject to contempt of court proceedings if I do not abide by the following requirements:

(a)     I may grant access to my notes only to those individuals who are authorized under the Protective Order to review the FDA Material and who have executed this agreement.

(b)     I must not release, publish, disclose or use for any purpose other than for the preparation and testimony of any hearing or trial in this criminal matter any information from the FDA Material, specifically any of the facts contained therein or any information derived from it.

The foregoing statement shall be signed and dated by each individual who receives access to the FDA Material pursuant to this Protective Order.  The counsel providing the FDA Material to such individual shall retain the signed statement.  One copy shall be retained by the signatory to such statement.

(6)     Any submissions to this Court that refer to or describe the FDA Material are to be marked "Confidential" and filed under seal.

(7)     All FDA Material provided by the government must be returned to the government within fourteen (14) calendar days of the conclusion of the litigation, including the exhaustion of all appeals on behalf of each defendant, or upon order of the Court, whichever occurs first.  Any notes taken during access to that material and any other notes reflecting information contained in the FDA Material, all of which would constitute work product, must be destroyed at the conclusion of this litigation, including the exhaustion of all appeals on behalf of each defendant, or upon order of the Court, whichever occurs first.  Within fourteen (14) calendar days of destruction, counsel of

record for the government shall be notified, in writing, that the documents were destroyed.  The provisions of this paragraph are subject to the attorneys' ethical obligations for document retention.

(8)   Failure to comply with the terms of this Protective Order shall result in sanctions that include, but are not limited to, civil and criminal contempt.

Dated:  March 1, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge